IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

TERRI WALLACE,

    Plaintiff,

v.

FAMILY DOLLAR STORES OF COLORADO, LLC,

    Defendant.

---

## NOTICE OF REMOVAL

Defendant Family Dollar Stores of Colorado, LLC ("Defendant"), by and through its attorneys, Hall & Evans, LLC, hereby submits the following Notice of Removal of the above-captioned action from Pueblo County District Court, Colorado to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Fed. R. Civ. P. 81(c), stating as follows:

### I. INTRODUCTION

1. Plaintiff Terri Wallace ("Plaintiff") initiated this lawsuit on August 2, 2021 against Defendant in the District Court for the County of Pueblo, State of Colorado, captioned *Terri Wallace v. Family Dollar Stores of Colorado, LLC,* Civil Action No. 2021CV30286, which is now pending in that Court (the "State Action"). *See* **Exhibit A**, Plaintiff's Complaint.

2. Plaintiff alleges that on September 7, 2019 she was a customer at the Family Dollar Store located at 2639 North Elizabeth Street, Pueblo, Colorado, and that while leaving the store

she "turned west of the exit and tripped and fell on the sidewalk due to the uneven cement," resulting in serious injuries. **Exhibit A**, ¶¶ 8, 10.

3. Plaintiff's Complaint alleges claims of Premises Liability pursuant to C.R.S. §13-21-115.

## II. COMPLIANCE WITH THE RULES

4. All procedural requirements related to the removal of this action have been satisfied.

5. Defendant was served on August 13, 2021. The Return of Service on Family Dollar Stores of Colorado, LLC, is attached hereto as **Exhibit B**.

6. This Notice of Removal is filed within thirty (30) days of service of the Plaintiff's Complaint and Summons on Defendant and is timely under 28 U.S.C. §§ 1441 and 1446(b).

7. A copy of this Notice of Removal will be filed with the State Action and served upon Plaintiff's counsel.

8. Pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCiv.R. 81.1(b), copies of the following process, pleadings, and orders that were served upon Defendant or filed in the State Action are attached as follows:

| | |
|---|---|
| **Exhibit A** | Complaint |
| **Exhibit B** | Return of Service on Family Dollar Stores of Colorado, LLC |
| **Exhibit C** | Civil Cover Sheet |
| **Exhibit D** | Summons |
| **Exhibit E** | State Docket |

9. Pursuant to D.C.Colo.LCivR 81.1, Defendant states that no hearings are pending, nor has any trial been set in the State Action.

10. Pursuant to Fed.R.Civ.P. 81(c), Defendant will present its defenses by pleading at the time prescribed herein, and specifically reserves their rights to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

11. Defendant has complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCivR. 81.1.

### III. DIVERSITY JURISDICTION

12. This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District Court of Colorado has diversity jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1332. Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

**A. THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

13. There is complete diversity of citizenship between Plaintiff and Defendant. Plaintiff is a citizen of Colorado. **Exhibit A**, ¶ 1. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("For purposes of diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile").

14. Defendant is a citizen of Virginia. Defendant is a foreign corporation organized under the laws of the state of Virginia with a principal place of business at 500 Volvo Parkway, Chesapeake, VA 23320. *See* 20 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen

of any State by which it has been incorporated and of the State where it has its principal place of business").

15. For purposes of federal diversity jurisdiction, the parties are completely diverse. 28 U.S.C. § 1441(b).

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

16. The amount in controversy here exceeds $75,000 as required by 28 U.S.C. § 1332(a).[1] In her Complaint, Plaintiff alleges that she has sustained "serious injuries that required medical attention" caused by the incident. **Exhibit A**, ¶ 10.[2] Further, Plaintiff's Civil Cover Case Sheet, attached as **Exhibit C**, states Plaintiff seeks more than $100,000 in damages in this matter.

17. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

18. Similarly, in determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Id.*; *see also McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

19. When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the

---

[1] Defendant does not concede or waive its right to contest Plaintiff's alleged damages.
[2] Defendant denies Plaintiff's allegations regarding her alleged damages and injuries.

court.  *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 553 (2014).  A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  *Id.* at 554.  A notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, or . . . other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Information relating to the amount in controversy in the record of the state proceedings, or in response to discovery, shall be treated as an "other paper."  28 U.S.C. § 1446(c)(3)(A).

20. Here, Plaintiff admits that the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, by the filing of her Civil Case Cover Sheet.  *See* **Exhibit C**.  Pursuant to Colo.R.Civ.P. 8(a): "Each pleading containing an initial claim for relief in a civil action . . . shall be accompanied by a completed Civil Cover Sheet in the form and content of Appendix to Chapter 1 to 17, Form 1.2 (JDF 601), at the time of filing."  The Civil Case Cover Sheet requires Plaintiff to categorize the relief sought as either being more or less than $100,000 and must be filed with each pleading containing an initial claim for relief and shall be served on all parties along with the pleading.

21. In the State Action, Plaintiff's counsel filed a Civil Case Cover Sheet in which Plaintiff confirms that she seeks "a monetary judgment for more than $100,000 against another party.  This amount includes attorney fees, penalties, or punitive damages; it excludes interest and costs.  **Exhibit C**.

22. The "[Civil Case Cover Sheet] is properly considered an 'other paper' under § 1446(b)(3)."  *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th

Cir. 2016). The Tenth Circuit Court of Appeals has concluded that the cover sheet "starts the removal clock" and there is "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceedings." *Id.*

23. Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

24. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant Family Dollar Stores of Colorado, LLC, respectfully requests that the action now pending in the Pueblo County District Court, Case No. 2021CV30286, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Dated this 3rd day of September 2021.

    Respectfully submitted,

    Hall & Evans, LLC

    *s/ J. Ryan Johnson*
    J. Ryan Johnson
    Alison F. Burke
    1001 17th Street, Suite 300
    Denver, CO 80202
    Phone: (303) 628-3300
    Fax: (303) 628-3368
    johnsonr@hallevans.com
    burkea@hallevans.com
    **Counsel for Defendant**
    ***Family Dollar Stores of Colorado, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September 2021, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to parties or counsel registered through ECF. In addition, I hereby certify that I have served the foregoing via electronic mail to the following non-CM/ECF participants:

Stephen M. Johnston, #34307
HASSLER LAW FIRM, LLC
616 West Abriendo Avenue
Pueblo, CO 81004
Telephone: (719) 544-2929
Facsimile:  (719) 544-1067
Stephen.Johnston@hasslerlegal.com

*Attorneys for Plaintiff*

                                         *s/ Robin Havens*
                                         Robin Havens, Legal Assistant to
                                         J. Ryan Johnson